IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| COLLEEN STUFFT, | ) | |
|---|---|---|
| | ) | CIVIL ACTION NO. 3:13-120 |
| Plaintiff, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| KENNAMETAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter comes before the Court on Plaintiff's recent discovery motions (ECF Nos. 20, 21, and 23). The Court held oral argument on these motions on May 5, 2014, at which time counsel for Defendant stated that his client consents to the relief requested in ECF Nos. 20 and 23. Counsel for Defendant further stated that, no later than May 12, 2014, his client would fully respond to all outstanding interrogatories and discovery requests as discussed in the motion to compel at ECF No. 21. For purposes of this Order, therefore, the sole issue remaining is whether the Court should award Plaintiff her reasonable costs and attorney's fees incurred in filing the motion to compel.

I.

Federal Rule of Civil Procedure 37(a)(1) provides that, "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." A motion to compel discovery must include a "certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.*

Relevant here, in granting a motion to compel, a court must award the payment of reasonable expenses in appropriate circumstances:

> [T]he court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5). Sanctions under Rule 37(a)(5) are compensatory in nature and are intended to make the prevailing party whole for the expenses caused by an opponent's obstinacy. *GMAC Bank v. HTFC Corp.*, 248 F.R.D. 182, 193 (E.D. Pa. 2008) (citing *Hutto v. Finney*, 437 U.S. 678, 690 n.4 (1978)).

II.

On April 9, 2014, Plaintiff filed a motion to compel Defendant to respond to Plaintiff's First Set of Requests for Production of Documents; Plaintiff's First Set of Interrogatories; Plaintiff's Second Set of Interrogatories; Plaintiff's Second Set of Requests for Production of Documents; and Plaintiff's First Set of Requests for Admission. (ECF No. 21). The motion is over 100 pages in length, includes 18 exhibits, and describes several instances in which Defendant has failed to timely respond to discovery requests.

After reviewing the motion to compel, the Court finds that Plaintiff has attempted in good faith to obtain the requested discovery without court action. The Court further finds that Defendant was placed on notice of the motion to compel before it was filed. As well, Defendant did not file a written response to the motion to compel and, during oral argument, counsel for Defendant did not justify Defendant's failure to timely respond to the relevant discovery requests. Accordingly, the Court will award Plaintiff the reasonable expenses incurred in preparing and arguing this motion.

III.

NOW, this 6th day of May, 2014, upon consideration of the outstanding discovery motions, and upon further consideration of the oral argument presented by the parties on May 5, 2014,

**IT IS HEREBY ORDERED** that Plaintiff's motion to deem her first set of requests for admissions admitted (ECF No. 20) is **GRANTED**. Each of the requests contained in Plaintiff's First Set of Requests for Admissions is deemed admitted as of the date of this Order.

IT IS FURTHER ORDERED that Plaintiff's motion to compel (ECF No. 21) is **GRANTED** as follows:

1. No later than May 15, 2014, Defendants shall provide complete responses to all outstanding discovery requests as detailed in ECF No. 21.

2. Pursuant to Rule 37(a)(5)(A), Plaintiff is entitled to recover her reasonable expenses incurred in preparing and arguing this motion.

3. On or before May 16, 2014, Plaintiff shall file a motion and declaration identifying the reasonable counsel fees and expenses incurred. Defendant may file a written response on or before May 23, 2014, limited solely to the issue of reasonableness.

**IT IS FINALLY ORDERED** that Plaintiff's motion to extend the discovery period (ECF No. 23) is **GRANTED** as follows:

1. The parties shall complete all fact discovery by August 8, 2014;

2. Expert reports shall be filed by September 10, 2014;

3. The depositions of all experts shall be completed by October 8, 2014;

4. The parties shall file any dispositive motions on or before September 8, 2014; and

5. The post-discovery status conference scheduled for June 18, 2014 is cancelled and rescheduled for September 26, 2014, at 10:00 a.m.

**BY THE COURT:**

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE